

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print      GrantedPublicAccess   Logoff ASCIARRATTA13

**2016-CV25350 - CHARLYN MIMS V WINIFRED DURANT ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**01/13/2021** ☐ **Notice of Service**
Return of Service by Private Process Server - Durant.
    **Filed By:** DAVID LAWRENCE JOHNSON
    **On Behalf Of:** CHARLYN MIMS

☐ **Summons Personally Served**
Document ID - 20-SMCC-11394; Served To - DURANT, WINIFRED; Server - ; Served Date - 08-JAN-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**01/10/2021** ☐ **Case Mgmt Conf Scheduled**
    Scheduled For: 04/09/2021; 9:00 AM; JUSTINE E DEL MURO; Jackson - Kansas City

☐ **Hearing/Trial Cancelled**
CMC orig. scheduled outside DIV 4 --date conflicted w/DIV 4 schedule
    Scheduled For: 04/02/2021; 8:30 AM; JUSTINE E DEL MURO; Jackson - Kansas City

**12/31/2020** ☐ **Notice of Service**
20-SMCC-11398; Electronic Filing Certificate of Service.

☐ **Agent Served**
Document ID - 20-SMCC-11398; Served To - RASIER, LLC; Server - ; Served Date - 29-DEC-20; Served Time - 09:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO CT CORP, LCW - B .LOVE

☐ **Notice of Service**
20-SMCC-11397; Electronic Filing Certificate of Service.

☐ **Agent Served**
Document ID - 20-SMCC-11397; Served To - UBER TECHNOLOGIES INC; Server - ; Served Date - 29-DEC-20; Served Time - 09:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO CT CORP, LCW - B. LOVE

**12/15/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11398, for RASIER, LLC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11397, for UBER TECHNOLOGIES INC.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11394, for DURANT, WINIFRED.

☐ **Order - Special Process Server**

☐ **Case Mgmt Conf Scheduled**
    Associated Entries: 01/10/2021 - Hearing/Trial Cancelled ⊞
    **Scheduled For:** 04/02/2021; 8:30 AM; JUSTINE E DEL MURO; Jackson - Kansas City

**12/09/2020** ☐ **Request for Jury Trial Filed**

☐ **Filing Info Sheet eFiling**
       **Filed By:** DAVID LAWRENCE JOHNSON

☐ **Summ Req-Circuit Pers Serv**
    Request for Summons -Uber.
       **Filed By:** DAVID LAWRENCE JOHNSON
       **On Behalf Of:** CHARLYN MIMS

☐ **Summ Req-Circuit Pers Serv**
    Request for Summons -Rasier.
       **Filed By:** DAVID LAWRENCE JOHNSON

☐ **Motion Special Process Server**
    Motion for Appointment of Private Process Server; Request for Summons -Durant.
       **Filed By:** DAVID LAWRENCE JOHNSON

☐ **Pet Filed in Circuit Ct**
    Petition for Damages; Designation of Lead Counsel.

☐ **Judge Assigned**

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 12:40 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| CHARLYN MIMS | ) | |
|     207 SW Yost | ) | |
|     Lee's Summit, Missouri 64081 | ) | |
| | ) | |
|             Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| WINIFRED DURANT | ) | Division |
|     Serve at: | ) | |
|     3620 SE Humboldt | ) | |
|     Topeka, Kansas 66605 | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC. | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RASIER, LLC | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| | ) | |
|             Defendants. | ) | |

REQUEST FOR SUMMONS

To:    Clerk of the Court

      The Clerk of the Court will issue a Summons for Service of the Petition on: Personal service upon **Uber Technologies, Inc via its registered agent CT Corporation System at 120 South Central Avenue, Clayton, MO 63105**.

You are hereby instructed to effect service of the Summons as follows:

  __X__  a.        Service through the office of the Sheriff of St. Louis County, Missouri, other than by certified mail.

1

_____ b.    Service by an authorized Process Server, please send the Summons to undersigned attorney to forward to Process Server.

_____ c.    Service by First Class mail by the undersigned litigant/attorney, who understands that the responsibility for obtaining service and effecting its return shall be on the attorney.  The Receipt for service (green card) must be filed with the Clerk's office before service can be perfected.

_____ d.    Service by certified mail service by the office of the Sheriff of St. Louis County, State of Missouri.  The undersigned understands that the responsibility of obtaining service and effecting its return shall be on the Sheriff.

_____ e.    Return to the undersigned attorney for service.


Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ David L. Johnson
David L. Johnson                    #61867
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7500
Fax:    (816) 888-7519
E-mail: dave.johnson@dmlawusa.com
**ATTORNEY FOR PLAINTIFF**

2

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**CHARLYN MIMS**,

|  |  |
|---|---|
| **PLAINTIFF(S)**, | **CASE NO.** 2016-CV25350 |
| **VS.** | **DIVISION 4** |

**WINIFRED DURANT**, **ET AL**

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

_____

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JUSTINE E DEL MURO** on **02-APR-2021** in **DIVISION 4** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.      A trial setting;

b.      Expert Witness Disclosure Cutoff Date;

c.      A schedule for the orderly preparation of the case for trial;

d.      Any issues which require input or action by the Court;

e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

_/S/ JUSTINE E DEL MURO_
JUSTINE E DEL MURO**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
DAVID LAWRENCE JOHNSON, 4050 PENNSYLVANIA AVE, SUITE 121, KANSAS CITY, MO 64111

Defendant(s):
WINIFRED DURANT
UBER TECHNOLOGIES INC
RASIER, LLC

Dated: 15-DEC-2020

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 12:40 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| CHARLYN MIMS | ) | |
|     207 SW Yost | ) | |
|     Lee's Summit, Missouri 64081 | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| WINIFRED DURANT | ) | Division |
|     Serve at: | ) | |
|     3620 SE Humboldt | ) | |
|     Topeka, Kansas 66605 | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC. | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RASIER, LLC | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| | ) | |
|         Defendants. | ) | |

## **MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff by and through counsel, and pursuant to Local Rule 4.9 of Jackson

County Court Rules, hereby moves for the appointment of Hulver & Associates, LLC:

| | |
|---|---|
| Greg Hulver | PPS20-0002 |
| Valerie Summer | PPS20-0523 |
| Rick Swank | PPS20-0217 |
| Conni Wilson | PPS20-0131 |
| Scott Wiechmann | PPS20-0223 |
| Chuck Willis | PPS20-0168 |
| Richard Meek | PPS20-0157 |
| Adam Robinson | PPS20-0162 |

| Tim Cudd | Tom Tippit |
|----------|------------|

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ David L. Johnson
David L. Johnson               #61867
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7500
Fax:     (816) 888-7519
E-mail: dave.johnson@dmlawusa.com
**ATTORNEY FOR PLAINTIFF**

<u>**ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER**</u>

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above-named individuals are hereby appointed to serve process in the above captioned matter.

DATE: 15-Dec-2020

_Cheryl Smalley_
DEPUTY COURT ADMINISTRATOR



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JUSTINE E DEL MURO | Case Number: 2016-CV25350 |
|---|---|
| Plaintiff/Petitioner:<br>CHARLYN MIMS | Plaintiff's/Petitioner's Attorney/Address<br>DAVID LAWRENCE JOHNSON<br>4050 PENNSYLVANIA AVE<br>SUITE 121<br>KANSAS CITY, MO 64111 |
| **vs.** | |
| Defendant/Respondent:<br>WINIFRED DURANT | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** WINIFRED DURANT
**Alias:**

3620 SE HUMBOLDT
TOPEKA, KS 66605

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*JACKSON COUNTY*

15-DEC-2020
————————————
Date

————————————————————
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____         _____
                              Date                                         Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-11294 1 of 1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00054-DGK   Document 1-1   Filed 01/27/21   Page 9 of 34

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JUSTINE E DEL MURO | **Case Number: 2016-CV25350** |
| Plaintiff/Petitioner:<br>CHARLYN MIMS | Plaintiff's/Petitioner's Attorney/Address<br>DAVID LAWRENCE JOHNSON<br>4050 PENNSYLVANIA AVE<br>SUITE 121 |
| vs. | KANSAS CITY, MO  64111 |
| Defendant/Respondent:<br>WINIFRED DURANT | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Pers Injury-Vehicular | KANSAS CITY, MO  64106 |
| | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  **UBER TECHNOLOGIES INC**<br>**Alias:**<br>SRVL CT CORPORATION SYSTEM<br>120 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| *COURT SEAL OF*<br><br>*JACKSON COUNTY* | **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**<br><br>15-DEC-2020<br>Date _____ Clerk<br><br>Further Information: |

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                          Date                                          Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JUSTINE E DEL MURO | **Case Number: 2016-CV25350** |
| Plaintiff/Petitioner:<br>CHARLYN MIMS | Plaintiff's/Petitioner's Attorney/Address<br>DAVID LAWRENCE JOHNSON<br>4050 PENNSYLVANIA AVE<br>SUITE 121<br>KANSAS CITY, MO 64111 |
| vs. | |
| Defendant/Respondent:<br>WINIFRED DURANT | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: RASIER, LLC**
                              **Alias:**
SRV: CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

15-DEC-2020
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____                    _____
                              Date                                            Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



*RETURN SB 1/14/21*

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JUSTINE E DEL MURO | Case Number: 2016-CV25350 |
| Plaintiff/Petitioner:<br>CHARLYN MIMS | Plaintiff's/Petitioner's Attorney/Address<br>DAVID LAWRENCE JOHNSON<br>4050 PENNSYLVANIA AVE<br>SUITE 121<br>KANSAS CITY, MO 64111   *6867* |
|     vs. | |
| Defendant/Respondent:<br>WINIFRED DURANT | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  UBER TECHNOLOGIES INC
         **Alias:**
SRVL CT CORPORATION SYSTEM    *30*
120 SOUTH CENTRAL AVENUE    *CTCOR*
CLAYTON, MO 63105    *W*

*COURT SEAL OF*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    15-DEC-2020
      Date                                       Clerk

*JACKSON COUNTY*      Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
            (name) **LCW – B. LOVE**         (title).
                      **INTAKE SPECIALIST**

☑ other _____ (address).

Served at **CT CORPORATION**
in **St. Louis County** (County/City of St. Louis), MO, on **DEC 2 9 2020** (date) at **9 AM** (time).

**Tom Deakin** _____
  Printed Name of Sheriff or Server             Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

    Subscribed and sworn to before me on _____ (date).

*(Seal)*

    My commission expires: _____                 _____
                      Date                          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*DEC 2 2 2020*

*20-SMCC-11377*

OSCA (7/2008) SM30 (JAKSMCC) For Court Use Only: Document Id # 20-SMCC-11397   1 of 1   Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



*Return SB 1/14/21*

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Electronically Filed - Jackson - Kansas City - December 31, 2020 - 11:10 AM

| | |
|---|---|
| Judge or Division: <br> JUSTINE E DEL MURO | **Case Number: 2016-CV25350** |
| Plaintiff/Petitioner: <br> CHARLYN MIMS <br><br> vs. | Plaintiff's/Petitioner's Attorney/Address <br> DAVID LAWRENCE JOHNSON <br> 4050 PENNSYLVANIA AVE <br> SUITE 121 <br> KANSAS CITY, MO 64111    *61867* |
| Defendant/Respondent: <br> WINIFRED DURANT | Court Address: <br> 415 E 12th <br> KANSAS CITY, MO 64106 |
| Nature of Suit: <br> CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: RASIER, LLC
           Alias:
SRV: CT CORPORATION SYSTEM    *30 CTCOR*
120 SOUTH CENTRAL AVENUE        *W*
CLAYTON, MO 63105

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

15-DEC-2020
Date                             Clerk

*JACKSON COUNTY*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name). **LCW – B. LOVE** _____ (title).

**INTAKE SPECIALIST**

☐ other _____ (address).

Served at **CT CORPORATION** _____ (address)

in **St. Louis County** (County/City of St. Louis), MO, on **DEC 2 9 2020** (date) at **9 AM** (time).

*Tim Deakin* _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                     Date                          Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*GDP*    *20-SMCC-11376*
*12/23/20*

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only: Document Id # 20-SMCC-11398*    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00054-DGK    Document 1-1    Filed 01/27/21    Page 16 of 34

DEC 2 2 2020

 IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JUSTINE E DEL MURO | Case Number: 2016-CV25350 |
|---|---|
| Plaintiff/Petitioner:<br>CHARLYN MIMS | Plaintiff's/Petitioner's Attorney/Address<br>DAVID LAWRENCE JOHNSON<br>4050 PENNSYLVANIA AVE<br>SUITE 121<br>KANSAS CITY, MO 64111 |
| vs. | |
| Defendant/Respondent:<br>WINIFRED DURANT | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: WINIFRED DURANT**
**Alias:**

**3620 SE HUMBOLDT**
**TOPEKA, KS 66605**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

15-DEC-2020
Date _____ Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
- [✔] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
- [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
- [ ] other
Served at **3620 SE Humboldt, Topeka, KS 66605** (address)
in **Shawnee** (County/City of St. Louis), ~~MO~~, KS on **Jan 8, 2021** (date) at **1:00 p.m.** (time).

**Tom Tippit**
~~TIFFANI JOHNSON~~ Name of Sheriff or Server _____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

**TIFFANI JOHNSON**
**NOTARY PUBLIC**
**JACKSON COUNTY**
**MISSOURI**
**COMM # 18738827**
**EXP 04/09/2022**

Subscribed and sworn to before me on **January 11, 2021** (date).
My commission expires: **4/9/2022**
Date _____ Notary Public

---

**Sheriff's Fees**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-11394** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
and 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:21-cv-00054-DGK Document 1-1 Filed 01/25/21 Page 17 of 34

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 12:40 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| CHARLYN MIMS | ) | |
|     207 SW Yost | ) | |
|     Lee's Summit, Missouri 64081 | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| WINIFRED DURANT | ) | Division |
|     Serve at: | ) | |
|     3620 SE Humboldt | ) | |
|     Topeka, Kansas 66605 | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC. | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RASIER, LLC | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| | ) | |
|         Defendants. | ) | |

## PETITION FOR DAMAGES

Plaintiff Charlyn Mims, by and through the undersigned counsel, and for her claims for relief against Defendant Winifred Durant ("Defendant Durant"), Defendant Uber Technologies, Inc. ("Defendant Uber"), and Defendant Rasier, LLC ("Defendant Rasier"), Plaintiff, by and through the undersigned counsel, states, avers, and alleges as follows:

## THE PARTIES

1.     At all relevant times, Plaintiff was and is an individual and resident of Lee's Summit, Jackson County, Missouri.

2.     At all relevant times, Defendant Durant was and is an individual and resident of Topeka, Shawnee County, Missouri.  Upon information and belief, Defendant Durant currently resides and may be served with process at 3620 SE Humboldt, Topeka, Kansas 66605.

3.     At all relevant times, Defendant Durant was and is a transportation network company driver, logged onto the digital network for Defendant Uber and on call to accept ride requests.

4.     At all relevant times, Defendant Uber was and is a Delaware corporation with its principal place of business located in the state of California at 1455 Market Street, 4th Floor, San Francisco, California 94103. It may be served through its registered agent, CT Corporation System, at 120 South Central Avenue, Clayton, Missouri 63105.

5.     At all relevant times, Defendant Rasier was and is a Delaware Foreign Limited Liability Company that may be served with process via its registered agent, CT Corporation System, at 120 South Central Avenue, Clayton, Missouri 63105.

6.     At all relevant times, Defendant Rasier was and is a wholly owned subsidiary of Defendant Uber.

7.     At all relevant times, Defendants Uber and Rasier were engaged in a joint enterprise as Transportation Network Companies, under the trade name of "Uber."

<u>JURISDICTION & VENUE</u>

8.     This Court has personal jurisdiction over Defendants in this matter pursuant to Section 506.500 of the Missouri Revised Statutes.

9.     This Court has subject matter jurisdiction in this matter.

10.     Venue is proper in this Court per Section 508.010.4 of the Missouri Revised Statutes.

FACTS COMMON TO ALL COUNTS

11.     On August 13, 2019, at approximately 4:09 p.m., Plaintiff was operating her vehicle, a 2010 Ford Explorer, westbound on 31st Street, a public thoroughfare, approaching the intersection of Oak Street.

12.     At said time and place, Defendant Durant, working on behalf of Defendants Uber and Rasier, was operating a 2013 Chrysler 500 eastbound on 31st Street, in front of the vehicle driven by Plaintiff.

13.     At said time and place, Defendant Durant failed to yield to Plaintiff, thereby causing a collision.

14.     At said time and place, Defendant Durant was operating a motor vehicle in the course and scope of employment for Defendants Uber and Rasier, having accepted a trip from Uber.

**COUNT I – NEGLIGENCE**
**(Against Defendant Durant)**

15.     Plaintiff hereby incorporates by reference all preceding allegations of Plaintiff's Petition for Damages as if fully set forth herein.

16.     At all relevant times, Defendant Durant had a duty to use the highest degree of care in operating his vehicle.

17.     In colliding with Plaintiff's vehicle, as set forth above, Defendant Durant was negligent and breached his duty to use reasonable care in one or more of the following respects:

      a.     Defendant failed to keep his automobile under control;

      b.     Defendant failed to yield the right of way;

3

c.   Defendant failed to keep his vehicle within a proper lane of travel and improperly changed lanes;

d.   Defendant failed to drive within the range of his vision in order to avoid colliding with any other vehicle using the roadway;

e.   Defendant failed to keep a proper lookout for other vehicles and objects in his line of vision in order to avoid colliding with any other vehicle using the roadway;

f.   Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened speed, sounded a warning, slackened speed and swerved, slackened speed and sounded a warning and/or swerved and sounded a warning, but Defendant failed to do so.

18.   As a direct and proximate result of the collision which was caused by the aforementioned acts and omissions of Defendant Durant, Plaintiff was injured and has incurred and will continue to incur damages, including but not limited to, those arising from:

a.   Past medical and hospital expenses;

b.   Future medical, hospital and life care expenses;

c.   Past lost wages;

d.   Diminished earning capacity;

e.   Past and future emotional distress;

f.   Pain and suffering;

g.   Mental anguish;

h.   Disfigurement; and

        i.      Past and future loss of enjoyment of life.

19.     All of Plaintiff's injuries, disabilities, infirmities, and damages are permanent, painful, and progressive in nature and extent.

20.     As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant Durant, Plaintiff's automobile sustained damage.

WHEREFORE, based on the foregoing, Plaintiff prays for a judgment against Defendant Durant for money damages in excess of $25,000; Plaintiff's costs incurred herein; and, for such other and further relief as the Court deems just and proper.

## COUNT II – RESPONDEAT SUPERIOR
### (Plaintiff against Defendant Uber)

21.     Plaintiff hereby incorporates by reference all preceding allegations of Plaintiff's Petition for Damages as if fully set forth herein.

22.     At all relevant times, including at the time of the aforesaid collision, Defendant Durant was the employee, servant, and/or agent of Defendant Uber, and was acting within the course and scope of his employment or agency with Defendant Uber.

23.     The negligence of Defendant Durant, as set forth in Count I, is imputable to Defendant Uber, and Defendant Uber is therefore vicariously liable for Defendant Durant's negligent acts and omissions under the doctrine of *respondeat superior*.

24.     As a direct and proximate result of the collision which was caused by the aforementioned acts and omissions of Defendant Durant, Plaintiff was injured and has incurred and will continue to incur damages, including but not limited to, those arising from:

        a.      Past medical and hospital expenses;

        b.      Future medical, hospital and life care expenses;

        c.      Past lost wages;

d.      Diminished earning capacity;

e.      Past and future emotional distress;

f.      Pain and suffering;

g.      Mental anguish;

h.      Disfigurement; and

i.      Past and future loss of enjoyment of life.

25.     All of Plaintiff's injuries, disabilities, infirmities, and damages are permanent, painful, and progressive in nature and extent.

26.     As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant Durant, Plaintiff's automobile sustained damage.

WHEREFORE, based on the foregoing, Plaintiff prays for a judgment against Defendant Uber for money damages in excess of $25,000; Plaintiff's costs incurred herein; and, for such other and further relief as the Court deems just and proper.

## COUNT III – RESPONDEAT SUPERIOR
### (Plaintiff against Defendant Rasier)

27.     Plaintiff hereby incorporates by reference all preceding allegations of Plaintiff's Petition for Damages as if fully set forth herein.

28.     At all relevant times, including at the time of the aforesaid collision, Defendant Durant was the employee, servant, and/or agent of Defendant Rasier, and was acting within the course and scope of his employment or agency with Defendant Rasier.

29.     The negligence of Defendant Durant, as set forth in Count I, is imputable to Defendant Rasier, and Defendant Rasier is therefore vicariously liable for Defendant Durant's negligent acts and omissions under the doctrine of *respondeat superior*.

30.     As a direct and proximate result of the collision which was caused by the

aforementioned acts and omissions of Defendant Durant, Plaintiff was injured and has incurred and will continue to incur damages, including but not limited to, those arising from:

    j.      Past medical and hospital expenses;

    k.      Future medical, hospital and life care expenses;

    l.      Past lost wages;

    m.      Diminished earning capacity;

    n.      Past and future emotional distress;

    o.      Pain and suffering;

    p.      Mental anguish;

    q.      Disfigurement; and

    r.      Past and future loss of enjoyment of life.

31.    All of Plaintiff's injuries, disabilities, infirmities, and damages are permanent, painful, and progressive in nature and extent.

32.    As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant Durant, Plaintiff's automobile sustained damage.

WHEREFORE, based on the foregoing, Plaintiff prays for a judgment against Defendant Rasier for money damages in excess of $25,000; Plaintiff's costs incurred herein; and, for such other and further relief as the Court deems just and proper.

### COUNT IV – NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, AND ENTRUSTMENT
#### (Plaintiff against Defendant Uber)

33.    Plaintiff hereby incorporates by reference all preceding allegations of Plaintiff's Petition for Damages as if fully set forth herein.

34.    Defendant Durant was hired and retained by Defendant Uber to, at least in part,

operate a motor vehicle ("Uber vehicle"), for Defendant Uber.

35.     Defendant Uber had a duty to use reasonable care in hiring an employee who is competent and fit to perform the duties required as an employee.

36.     Defendant Uber did not exercise reasonable care in hiring Defendant Durant in that Defendant Uber knew or should have known that Defendant Durant was incompetent for the position hired and/or Defendant Uber had knowledge of Defendant Durant's incompetency to safely operate an Uber vehicle but hired and retained Defendant Durant anyway, therefore breaching its duty to Plaintiff.

37.     Defendant Uber knew or should have known that Defendant Durant would be likely to operate the Uber vehicle in a negligent manner.

38.     Defendant Uber knew or should have known that Defendant Durant was not competent or fit for the duties required of him as an employee.

39.     Defendant Uber breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

40.     Defendant Uber, as the employer of Defendant Durant, owed the general public, including Plaintiff, a continuing duty to train Defendant Durant in how to safely operate the Uber vehicle on Missouri roadways.

41.     Defendant Uber, as the employer of Defendant Durant, owed the general public, including Plaintiff, a continuing duty to supervise Defendant Durant and investigate and monitor Defendant Durant's ability, fitness, and qualifications to operate the Uber vehicle on Missouri roadways.

42.     Moreover, Defendant Uber was negligent, careless, and reckless in one or more of the following respects:

8

a.  In hiring Defendant Durant, an individual who Defendant Uber knew or should have known had inadequate training, knowledge, and skill to safely operate the Uber vehicle;

b.  In failing to adequately train, instruct, and supervise Defendant Durant concerning the safe operation of the Uber vehicle;

c.  In entrusting the Uber vehicle to Defendant Durant, an individual who Defendant Uber knew or should have known had inadequate training, knowledge, and skill to safely operate the Uber vehicle;

d.  In retaining Defendant Durant and allowing him to operate the Uber vehicle when Defendant Rasier knew or should have known that Defendant Durant lacked the training, knowledge, and skill to safely operate the Uber vehicle.

43.  As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Uber, Plaintiff was injured and has suffered and will continue to suffer damages including, but not limited to, those arising from:

a.  Past medical and hospital expenses;

b.  Future medical, hospital and life care expenses;

c.  Past lost wages;

d.  Diminished earning capacity;

e.  Past and future emotional distress;

f.  Pain and suffering;

g.  Mental anguish;

h.  Disfigurement; and

i.  Past and future loss of enjoyment of life.

44.     All of Plaintiff's injuries, disabilities, infirmities, and damages are permanent, painful, and progressive in nature and extent.

45.     As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant Durant, Plaintiff's automobile sustained damage.

46.     As a result, Defendants are jointly and severally liable for the injuries to Plaintiff.

WHEREFORE, based on the foregoing, Plaintiff prays for judgment against Defendant Uber in excess of $25,000; Plaintiff's costs incurred herein; and, for such other and further relief as the Court deems just and proper.

## COUNT V – NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, AND ENTRUSTMENT
### (Plaintiff against Defendant Rasier)

47.     Plaintiff hereby incorporates by reference all preceding allegations of Plaintiff's Petition for Damages as if fully set forth herein.

48.     Defendant Durant was hired and retained by Defendant Rasier to, at least in part, operate a motor vehicle ("Rasier vehicle"), for Defendant Rasier.

49.     Defendant Rasier had a duty to use reasonable care in hiring an employee who is competent and fit to perform the duties required as an employee.

50.     Defendant Rasier did not exercise reasonable care in hiring Defendant Durant in that Defendant Rasier knew or should have known that Defendant Durant was incompetent for the position hired and/or Defendant Rasier had knowledge of Defendant Durant's incompetency to safely operate a Rasier vehicle but hired and retained Defendant Durant anyway, therefore breaching its duty to Plaintiff.

51.     Defendant Rasier knew or should have known that Defendant Durant would be likely to operate the Rasier vehicle in a negligent manner.

52.     Defendant Rasier knew or should have known that Defendant Durant was not competent or fit for the duties required of him as an employee.

53.     Defendant Rasier breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

54.     Defendant Rasier, as the employer of Defendant Durant, owed the general public, including Plaintiff, a continuing duty to train Defendant Durant in how to safely operate the Rasier vehicle on Missouri roadways.

55.     Defendant Rasier, as the employer of Defendant Durant, owed the general public, including Plaintiff, a continuing duty to supervise Defendant Durant and investigate and monitor Defendant Durant's ability, fitness, and qualifications to operate the Rasier vehicle on Missouri roadways.

56.     Moreover, Defendant Rasier was negligent, careless, and reckless in one or more of the following respects:

a.   In hiring Defendant Durant, an individual who Defendant Rasier knew or should have known had inadequate training, knowledge, and skill to safely operate the Rasier vehicle;

b.   In failing to adequately train, instruct, and supervise Defendant Durant concerning the safe operation of the Rasier vehicle;

c.   In entrusting the Rasier vehicle to Defendant Durant, an individual who Defendant Rasier knew or should have known had inadequate training, knowledge, and skill to safely operate the Rasier vehicle;

d.   In retaining Defendant Durant and allowing him to operate the Rasier vehicle when Defendant Rasier knew or should have known that Defendant Durant

lacked the training, knowledge, and skill to safely operate the Rasier vehicle.

57.     As a direct and proximate result of the aforesaid negligence and carelessness of Defendant Rasier, Plaintiff was injured and has suffered and will continue to suffer damages including, but not limited to, those arising from:

    j.      Past medical and hospital expenses;

    k.      Future medical, hospital and life care expenses;

    l.      Past lost wages;

    m.      Diminished earning capacity;

    n.      Past and future emotional distress;

    o.      Pain and suffering;

    p.      Mental anguish;

    q.      Disfigurement; and

    r.      Past and future loss of enjoyment of life.

58.     All of Plaintiff's injuries, disabilities, infirmities, and damages are permanent, painful, and progressive in nature and extent.

59.     As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendant Durant, Plaintiff's automobile sustained damage.

60.     As a result, Defendants are jointly and severally liable for the injuries to Plaintiff.

WHEREFORE, based on the foregoing, Plaintiff prays for judgment against Defendant Rasier in excess of $25,000; Plaintiff's costs incurred herein; and, for such other and further relief as the Court deems just and proper.

<u>DEMAND FOR A JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all counts and claims in this cause of action.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

*/s/ David L. Johnson*

David L. Johnson                              #61867
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7500
Fax:     (816) 888-7519
E-mail: dave.johnson@dmlawusa.com
**ATTORNEY FOR PLAINTIFF**

13

Electronically Filed - Jackson - Kansas City - December 09, 2020 - 12:40 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| CHARLYN MIMS | ) | |
|     207 SW Yost | ) | |
|     Lee's Summit, Missouri 64081 | ) | |
| | ) | |
|           Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| WINIFRED DURANT | ) | Division |
|     Serve at: | ) | |
|     3620 SE Humboldt | ) | |
|     Topeka, Kansas 66605 | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC. | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RASIER, LLC | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| | ) | |
|           Defendants. | ) | |

## **MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff by and through counsel, and pursuant to Local Rule 4.9 of Jackson

County Court Rules, hereby moves for the appointment of Hulver & Associates, LLC:

| | |
|---|---|
| Greg Hulver | PPS20-0002 |
| Valerie Summer | PPS20-0523 |
| Rick Swank | PPS20-0217 |
| Conni Wilson | PPS20-0131 |
| Scott Wiechmann | PPS20-0223 |
| Chuck Willis | PPS20-0168 |
| Richard Meek | PPS20-0157 |
| Adam Robinson | PPS20-0162 |

| Tim Cudd | Tom Tippit |
|---|---|

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ David L. Johnson
David L. Johnson                    #61867
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7500
Fax:     (816) 888-7519
E-mail: dave.johnson@dmlawusa.com
**ATTORNEY FOR PLAINTIFF**

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above-named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____

_____
Judge or Circuit Clerk

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| CHARLYN MIMS | ) | |
|     207 SW Yost | ) | |
|     Lee's Summit, Missouri 64081 | ) | |
| | ) | |
|           Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| WINIFRED DURANT | ) | Division |
|     Serve at: | ) | |
|     3620 SE Humboldt | ) | |
|     Topeka, Kansas 66605 | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC. | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RASIER, LLC | ) | |
|     Serve: | ) | |
|     CT Corporation System, Registered Agent | ) | |
|     120 South Central Avenue | ) | |
|     Clayton, Missouri 63105 | ) | |
| | ) | |
| | ) | |
|           Defendants. | ) | |

<u>REQUEST FOR SUMMONS</u>

To:    Clerk of the Court

    The Clerk of the Court will issue a Summons for Service of the Petition on: Personal service upon **Rasier, LLC via its registered agent CT Corporation System at 120 South Central Avenue, Clayton, MO 63105**.

You are hereby instructed to effect service of the Summons as follows:

  <u> X  </u>  a.          Service through the office of the Sheriff of St. Louis County, Missouri, other than by certified mail.

1

_____ b.      Service by an authorized Process Server, please send the Summons to undersigned attorney to forward to Process Server.

_____ c.    Service by First Class mail by the undersigned litigant/attorney, who understands that the responsibility for obtaining service and effecting its return shall be on the attorney. The Receipt for service (green card) must be filed with the Clerk's office before service can be perfected.

_____d.     Service by certified mail service by the office of the Sheriff of St. Louis County, State of Missouri. The undersigned understands that the responsibility of obtaining service and effecting its return shall be on the Sheriff.

_____ e.    Return to the undersigned attorney for service.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ David L. Johnson
David L. Johnson                    #61867
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7500
Fax:    (816) 888-7519
E-mail: dave.johnson@dmlawusa.com
**ATTORNEY FOR PLAINTIFF**

2